a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CADDARA D. HOGAN,<br>Petitioner | CIVIL ACTION NO. 1:19-CV-1683-P |
| VERSUS | JUDGE FOOTE |
| JERRY GOODWIN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by *pro se* Petitioner Caddara D. Hogan (#535777) ("Hogan"). Hogan is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center in Homer, Louisiana. Hogan challenges his conviction in the 42nd Judicial District Court, DeSoto Parish.

Because Hogan's § 2254 Petition (ECF No. 1) is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

## I.   Background

Hogan was charged with second-degree murder committed during an armed robbery. *State v. Hogan*, 47,993 (La.App. 2 Cir. 4/10/13, 1); 113 So.3d 1195, 1197, *writ denied*, 2013-0977 (La. 11/8/13); 125 So.3d 445. Hogan pleaded guilty to manslaughter with no sentencing cap. *Id.* Hogan was subsequently sentenced to 35 years at hard labor. *Id.* On appeal, Hogan argued that the district court erred, as a matter of law, in denying his motion for reconsideration of sentence and in rendering an excessive sentence. *Id.* at 1199. The appellate court determined that the sentence

was not constitutionally excessive, and it affirmed the conviction and sentence. *Id.* The Louisiana Supreme Court denied writs. *State v. Hogan*, 2013-0977 (La. 11/8/13); 125 So.3d 445.

Hogan alleges that he filed an application for post-conviction relief on October 15, 2018, on the grounds that his guilty plea was not knowing and intelligently entered, and that his attorney was ineffective for failing to investigate Hogan's ability to comprehend the proceedings. ECF No. 1 at 3, 5, 8. Hogan states that the trial court denied his application on October 29, 2018. *Id.* at 7.

Hogan alleges that he sought review in the Louisiana Second Circuit Court of Appeal, but relief was denied on June 29, 2019. *Id.* The Louisiana Supreme Court denied Hogan's writ application, per curiam, because the post-conviction application had not been timely filed in the district court, and Hogan failed to carry his burden of showing that an exception applied. *State v. Hogan*, 2018-0068 (La. 1/28/19, 1); 262 So.3d 893 (citing La.C.Cr.P. art. 930.8; *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189).

In his § 2254 Petition, Hogan raises the claims raised in his post-conviction application. ECF No. 1.

II. <u>Law and Analysis</u>

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which imposes a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date

on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Hogan's conviction became final for AEDPA purposes on February 8, 2014, upon the expiration of the time for seeking further review in the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(A); *State v. Hogan*, 2013-0977 (La. 11/8/13); 125 So.3d 445. Hogan had one year from that date within which to file his § 2254 Petition. The Petition was not filed until December 30, 2019. ECF No. 1.

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *See Carey v. Saffold*, 536 U.S. 214, 219–20 (2002) (A state post-conviction application remains "pending . . . until the application has achieved final resolution through the State's post-conviction procedure."); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must follow the applicable laws and procedural rules. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

Hogan's application for post-conviction relief was not filed until October 15, 2018, well after the one-year limitations period had expired. ECF No. 1 at 3. Therefore, Hogan is not entitled to statutory tolling.

Although the AEDPA's one-year deadline can be equitably tolled in exceptional circumstances, there is no justification for doing so here. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). To be entitled to equitable tolling, a petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). A petitioner bears the burden of proof to invoke equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Highlighting the doctrine's limited scope, the Fifth Circuit has stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)). Because it is a discretionary doctrine, however, a court's determination of whether equitable tolling applies "turns on the facts and circumstances of a particular case." *Id.* (citing *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)).

Hogan does not claim entitlement to equitable tolling, and there is no evidence that Hogan was actively misled by the State about the cause of action or prevented in an extraordinary way from timely asserting his rights.

III.   Conclusion

Because the § 2254 Petition is untimely, IT IS RECOMMENDED that Hogan's § 2254 Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and

Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

    THUS DONE AND SIGNED in Alexandria, Louisiana, on this  3rd  day of February 2020.

                                                                                           _____
                                                                                           JOSEPH H.L. PEREZ-MONTES
                                                                                           UNITED STATES MAGISTRATE JUDGE